### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **TREVIS BUFFORD** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.:_____** |
| **vs.** | ) | |
| | ) | |
| **FULTON COUNTY SHERIFF'S** | ) | |
| **OFFICE, SHERIFF PATRICK LABAT,** | ) | |
| **in his individual and official capacity as** | ) | |
| **the Sheriff of Fulton County, Georgia;** | ) | |
| **COL. JOHN JACKSON, in his individual** | ) | |
| **and official capacity as Fulton County** | ) | |
| **Chief Jailer; SGT. LOUIS BROWN, in** | ) | |
| **his individual and official capacity as** | ) | |
| **Fulton Deputy Sheriff; and JOHN DOE** | ) | |
| **DEPUTY SHERIFFS 1-3, in their** | ) | |
| **respective individual and/or supervisory** | ) | |
| **capacities** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Trevis Bufford, (hereinafter "Plaintiff"), by and through his undersigned counsel of record, and hereby file this COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL arising out of Defendants' unlawful excessive use of force, and civil rights violation. In support of this Complaint, Plaintiff shows this Honorable Court as follows:

1

## INTRODUCTION

Plaintiff bring this civil action seeking damages pursuant to 42 U.S.C. §§ 1983, 1988 to redress deprivation under color of law of the State of Georgia, of rights secured by the fourth, fifth, eighth, and fourteenth amendments to the United States Constitution. Plaintiff further invokes the pendent jurisdiction of the court to hear and decide claims arising under state law.

## PARTIES AND JURISDICTION

1.     Plaintiff Trevis Bufford is a resident and citizen of the State of Georgia.

2.     At all relevant times herein, Plaintiff was an inmate in the Fulton County South Annex Jail located at 6500 Watson Street, Union City, Georgia 30291.

3.     Plaintiff resides in the Northern District of Georgia.

4.     Defendant Fulton County Sheriff's Office ("Sheriff's Office") is responsible for administration and operation of the Fulton County Jails.

5.     Jurisdiction in this court over Defendant Fulton County Sheriff's Office is proper.

6.     Venue in this court as to Defendant Fulton County Sheriff's Office is proper.

2

7.    Defendant Patrick Labat ("Sheriff Labat") is the Fulton County Sheriff responsible for the administration and operation of the Fulton County Sheriff's Office.

8.    Jurisdiction is proper as to Defendant Sheriff Patrick Labat.

9.    Venue is proper as to Defendant Sheriff Patrick Labat.

`    10.    Defendant Col. John Jackson (Col. Jackson) is the Fulton County Chief Jailer responsible for the operation of the Fulton County Jails.

11.    Jurisidction is proper as to Defendant Col. John Jackson.

12.    Venue is proper as to Defendant Col. John Jackson.

`    13.    Defendant Deputy Sheriff Sergeant Louis Brown ("Sgt. Brown") is a supervisor responsible for the operation of the Fulton County Jails.

14.    Jurisdiction is proper as to Defendant Sgt. Louis Brown.

15.    Venue is proper as to Defendant Sgt. Louis Brown.

16.    Defendant John Doe No. 1 is a Sheriff's Deputy at the Fulton County Jail whose address is unknown.

17.    Defendant John Doe No. 1 is subject to the jurisdiction of this Court.

18.    Defendant John Doe No. 1 is subject to the venue of this Court.

19.    Defendant John Doe No. 2 is a Sheriff's Deputy at the Fulton County Jail whose address is unknown.

20.    Defendant John Doe No. 2 is subject to the jurisdiction of this Court.

21.    Defendant John Doe No. 2 is subject to the venue of this Court.

22.    Defendant John Doe No. 3 is a Sheriff's Deputy at the Fulton County Jail whose address is unknown.

23.    Defendant John Doe No. 3 is subject to the jurisdiction of this Court.

24.    Defendant John Doe No. 3 is subject to the venue of this Court.

25.    Plaintiff provided timely ante litem notice of his claims to the Fulton County Sheriff and the Fulton County Board of Commissioners on or about October 30, 2023. The Fulton County Sheriff's Office, Fulton County Sheriff, and Fulton County Board of Commissioners failed to respond in writing or otherwise to the Notice.

26.    Attached hereto as Exhibit "A" is the ante litem notice provided to the Fulton County Sheriff's Office, Fulton County Sheriff, and Fulton County Board of Commissioners.

27.    Attached hereto as Exhibit "B" is proof of receipt by the Fulton County Sheriff's Office, Fulton County Sheriff, and Fulton County Board of Commissioners of the ante litem notice

28.    At all times material hereto, Patrick Labat was the Fulton County Sheriff for the Office of the Fulton County Sheriff and was acting in his capacity as

the final policymaker for the Fulton County Jail with regard to its housing of pretrial inmates. Upon information and belief, Sheriff Labat is currently the Sheriff responsible for the Fulton County Jail. Once service is perfected upon Sheriff Labat as required by law, he will be subject to the jurisdiction of this Court.

29.     At all times material hereto, Defendant Col. John Jackson was Chief Jailer employed by the Fulton County Jail and was acting under color of state law within the scope of his duties as such. Once service is perfected upon Col. Jackson as required by law, he will be subject to the jurisdiction of this Court.

30.     At least one of the Defendants resides within the Northern District of Georgia.

31.     Upon service of the summons and complaint in a manner prescribed by law, Defendants shall be properly subject to the personal jurisdiction of the Court.

32.      The subject incident occurred within the Northern District of Georgia, Atlanta Division. Venue is therefore proper in this Court.

## FACTUAL ALLEGATIONS

33.     On or about October 5, 2023, Deputy Sheriff Sergeant Louis Brown ("Sgt. Brown") was assigned as the shift supervisor for the 3-11 shift at 6500

5

Watson Street, Union City, Georgia 30291 (Fulton County Sheriff's Office South Annex Jail).

34.    Plaintiff was in H1cell when he and approximately three or four other inmates who were handcuffed and shackled were attacked by Sgt. Brown.

35.    Sgt. Brown fired a shotgun at the inmates and kicked the Plaintiff in his face while Plaintiff was shackled on the ground in a fetal position.

36.    Plaintiff and the other inmates were physically assaulted and seriously injured by Sgt. Brown, who to date has suffered no serious consequences for his actions.

37.    Sgt. Brown's violent attack was criminal and violated Plaintiff's fourth, fifth, eighth, and fourteenth amendments to the United States Constitution rights; in that, Sgt. Brown's use of force was criminal and excessive in light of the facts and circumstances.

38.    Subsequent to violating the inmates' civil rights, Sgt. Brown completed an inaccurate incident report which misconstrued the facts to cover his unlawful conduct.

## COUNT I
### 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment
### (As to Defendants Brown and Bystander Detention Officers)

39.    Plaintiff hereby incorporate and reallege Paragraphs 1 through 38 of

the Complaint as if fully restated herein.

40. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress….

41. Defendants violated Plaintiff's Fourth Amendment rights by allowing Sgt. Brown to belligerently yell at Plaintiff and physically assault the Plaintiff with a shot gun.

42. Defendants Brown and Bystander Officers, jointly and severally, deprived Mr. Bufford of clearly established rights secured to him under the United States Constitution specifically the Fourth Amendment rights to be free from unreasonable seizures and to be free from the use of excessive force against one's person.

43. Defendant Brown's excessive use of force in kicking Mr. Bufford in the head and firing a shot gun at him in a crowded cell was unreasonable. Defendant Brown was aware that Mr. Bufford suffered from a pre-existing medical condition that would cause him pain if he was kicked and or shot at because he is in a

supervisory role with access to Mr. Bufford's inmate records. Despite this awareness, Defendant Brown nonetheless kicked Buford in the head and refused to take Bufford to Grady Memorial Hospital for treatment despite Buford's many requests to be treated for his head injuries. This application of force was disproportionate in the circumstances because Mr. Bufford did not pose a threat to Defendant Brown and/or any of the bystander officers.

44.  Defendant Bystander Officers were present at the scene of the violation of Mr. Bufford's constitutional rights. They witnessed the use of excessive force by Defendant Brown against Mr. Bufford. Though they had a reasonable opportunity to intervene in order to prevent or mitigate injury to Mr. Bufford, they chose not to.

45.  Defendant Bystander Officers failed to take any action to prevent harm to Mr. Bufford, and thereby proximately caused excessive force to be inflicted upon Mr. Bufford that resulted in a constitutionally-actionable injury (i.e. cut to the head, loss of hearing, etc.). Defendant Bystander Officers are jointly and severally liable along with Defendant Brown for Mr. Bufford's injuries.

46.  Any reasonable police detention officer in the position of Defendant Brown or Defendant Bystander Officers would have known that the force being used against Mr. Bufford was unconstitutional.

8

47.   Any reasonable police detention officer in the position of Defendant Brown or Defendant Bystander Officers would have known that they had a duty to take reasonable measures to prevent harm to Mr. Bufford.

48.   Defendants violated Plaintiff's constitutional rights by allowing Sgt. Brown to fire a shotgun in the small cell causing hearing loss to the plaintiff, thereby resulting in excessive force.

49. Defendants' conduct resulted in physical injury to Mr. Bufford. It severely aggravated his pre-existing medical condition, and caused long-term pain in his head and ears, causing headaches.

50. Defendants' conduct also resulted in psychological injury to Mr. Bufford. Since the incident, Mr. Bufford has experienced emotional and psychological injuries, including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses. Due to these injuries, Mr. Bufford has been given psychotropic medications.

51. Defendants' conduct was the moving force and the proximate and producing cause of the aforementioned injuries.

52. Due to the injuries suffered by Mr. Bufford, he is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. As a further result of Defendants' unlawful conduct, Mr. Bufford will incur

special damages, including expenses related to the debilitating injuries caused. He may continue to incur other expenses and other special damages, in amounts to be established at trial.

53. Mr. Bufford is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

54. In depriving Mr. Bufford of his rights under the United States Constitution, Defendant Brown and Bystander Officers acted under color of law in their respective capacities as Fulton County Deputy Sheriffs, and their actions and omissions were conducted within the scope of their respective official duties or employment. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

## COUNT II
## 42 U.S.C. § 1983 – Failure to Train and Supervise
## (As to Defendants Fulton County Sheriff's Office)

55. Plaintiff hereby incorporates by reference paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. The Fulton County Sheriff's Office ("Sheriff's Office") a named Defendant in this case, is a government agency responsible for correctional services as required by state of Georgia corrections law.

57. At all times relevant to this action, Defendant Fulton County Sheriff's Office had policymaking authority and otherwise controlled the training and supervisory practices of all employes with the Fulton County Sheriff's Office.

58. Defendant Fulton County Sheriff's Office has a policy, practice and custom of failing to train and supervise deputy sheriffs with respect to a clear constitutional duty implicated in a recurrent situation that deputies are certain to face-*i.e.*, the routine care for individuals in custody who pose no threat or risk of danger and who, to the knowledge of the sheriffs, suffer from a medical condition that will be aggravated by kicking and shooting at them.

59. Defendant Fulton County Sheriff's Office should have known that its employees would be placed in such a recurrent situation. Defendant Sheriff's Office should have known that, in such a situation, its deputies have a clear constitutional duty to avoid excessive force of kicking and shooting the Plaintiff. Defendant Sheriff's Office should have known that its deputies would lack the legal knowledge necessary to avoid the application of excessive force in that situation without training and supervision, including on the issue pre-trial housing of inmates with medical conditions made known to the deputies.

60. Upon information and belief, deputies employed by Defendant Fulton County Sheriff's Office have a history of numerous complaints related to abusive

11

treatment, including but not limited to the death of pre-trial inmates in their custody and care. This pattern of violations made plainly obvious the need for training and supervising deputies on how to avoid using excessive force during routine housing of inmates awaiting their day in court.

61. Through the adoption of this policy, practice and custom of failing to train and supervise its deputies to prevent the use of excessive force, Defendant Fulton County Sheriff's Office acted with deliberate indifference to the clearly established rights secured to Mr. Bufford under the United States Constitution, specifically the Fourth Amendment rights to be free from unreasonable seizures and the use of excessive force against one's person.

62. By engaging in acts of excessive force against Mr. Bufford that resulted in injuries to his person, Defendant Brown was acting pursuant to, and within the scope of, Defendant Fulton County Sheriff's Office policies, practices and customs of failing to train and supervise Fulton County sheriff's deputies.

63. By failing to intervene to prevent acts of excessive force against Mr. Bufford, that resulted in injuries to his person, Defendant Bystander Officers were acting pursuant to, and within the scope of, Defendant Fulton County Sheriff's Office polices, practices and customs of failing to train and supervise sheriff's deputies.

64. Defendant Fulton County Sheriff's Officer policies, practices and customs of failing to train and supervise its deputies were the moving force and the proximate and producing cause of Mr. Bufford's injuries.

65. In depriving Mr. Bufford of his rights under the United States Constitution, Defendant Fulton County Sheriff's Office acted under color of law in its capacity as a municipal entity organized under the laws of the state of Georgia, and its actions and omissions were conducted within the scope of Defendant Fulton County Sheriff's Office official duties. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

### COUNT III
### 42 U.S.C. § 1983 – Failure to Train and Supervise
### (As to Defendants Fulton Sheriff's Office, Patrick Labat, & Col. John Jackson)

66. Plaintiff hereby incorporates by reference paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. At all times relevant to this action, Defendants Fulton County Sheriff's Office, Patrick Labat and Col. John Jackson had policymaking authority with respect to the disciplinary practices of the Fulton County Sheriff's Office.

68. Defendants Fulton County Sheriff's Office Patrick Labat and Col. John Jackson have *de facto* custom of failing to discipline sheriff's deputies who use excessive force against detainees in the Fulton County jail.

69. Publicity regarding the Fulton County South Annex Sheriff's Deputies' use of excessive force against inmates put Defendant Fulton County Sheriff's Office Patrick Labat and Col. John Jackson on actual or constructive notice of the constitutional violations resulting from their custom of failing to discipline deputies for using excessive force.

70. In this case, Defendants Fulton County Sheriff's Office, Patrick Labat and Col. John Jackson had actual or constrictive notice because Mr. Bufford filed a formal complaint describing Defendant Brown's use of excessive force against him and other pre-trial inmates who are detained at the Fulton County South Annex Jail.

71. Defendants Fulton County Sheriff's Office, Patrick Labat and Col. John Jackson failed to discipline Defendant Brown for use of excessive force against Mr. Bufford.

72. Defendants Fulton County Sheriff's Office, Patrick Labat and Col. John Jackson adopted official policies, practices and customs that provided for the failure to supervise and discipline Fulton County Sheriff's Deputies when they use

excessive force. Defendants Fulton County Sheriff's Office, Patrick Labat and Col. John Jackson accordingly acted with deliberate indifference to the clearly established rights secured to Mr. Bufford under the United States Constitution, specifically the Fourth Amendment rights to be free from unreasonable seizures and free from the use of excessive force against one's person.

73.  By engaging in acts of excessive force against Mr. Bufford that resulted in injuries to his person, Defendant Brown acted with impunity because Defendants Fulton County Sheriff's Office, Patrick Labat and Col. John Jackson adopted the aforementioned policies, practices and customs.

74. These policies, practices and customs were the proximate and producing cause of Mr. Bufford's injuries.

75. Due to the injuries suffered by Mr. Bufford, he is entitled to compensatory, economic and consequential damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Mr. Bufford has incurred special damages, including expenses related to the disability caused by his injuries. He may continue to incur other expenses and other special damages, in amounts to be established at trial.

76. Mr. Bufford is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

77. In depriving Mr. Bufford of his rights under the United States Constitution, Defendants Fulton County Sheriff's Office, Patrick Labat and Col. John Jackson acted under color of law in their capacity as a municipal entity organized under the laws of Georgia, and their actions and omissions were conducted within the scope of Defendants Fulton County Sheriff's Office, Patrick Labat and Col. John Jackson official duties. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. §1983.

## COUNT IV
### Georgia State Law Claims for Assault, Battery and Negligence
### (As to Defendants Brown and Bystander Detention Officers)

78. Plaintiff hereby incorporates by reference paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79. Plaintiff asserts violations of Georgia state law by Defendants Brown and Bystander Sheriff's Deputies under O.C.G.A. § 51-1-13 (assault and battery).

80. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his rights under Georgia state law and caused him the injuries and damages described in this Complaint.

## COUNT V
## Georgia State Law Claims for Intentional Infliction of Emotional Distress
## (As to Defendants Brown and Bystander Detention Officers)

81.  Plaintiff hereby incorporates by reference paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82.  Plaintiff asserts violations of Georgia law relative to intentional torts by Defendants Brown and Bystander Sheriff's Deputies.

83.  Defendants acted intentionally, as described herein, to deprive Plaintiff of is rights under Georgia state law and caused him injuries and damages described in this Complaint.

84.  As a direct and proximate result of the intentional acts of Defendants Brown and Bystander Sheriff's Deputies described herein Mr. Bufford has experienced emotional and psychological injuries—including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses. Due to the traumatic nature of the event and the injuries he suffered, Mr. Bufford has been administered psychotropic medications.

85.  Defendants Brown and Bystander Sheriff's Deputies engaged in extreme and outrageous conduct and acted maliciously and with specific intent to oppress and harm Mr. Bufford or with reckless disregard for the consequences of their actions and omissions.

## COUNT VI
## Georgia State Law Claims
## (As to Defendants Fulton Sheriff's Office, Patrick Labat, & Col. John Jackson)

86.   Plaintiff hereby incorporates by reference paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87. Plaintiff asserts violations of Georgia law by Defendants Fulton Sheriff's Office, Patrick Labat, & Col. John Jackson, as a direct and proximate result of the intentional acts of Defendants Brown and Bystander Sheriff's Deputies described herein. Mr. Bufford has experienced emotional and psychological injuries— including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses. Due to the traumatic nature of the event and the injuries he suffered, Mr. Bufford has been administered psychotropic medications.

88.   Accordingly, as a matter of Georgia law, Defendants Fulton Sheriff's Office, Patrick Labat, & Col. John Jackson are vicariously liable for all conduct of, or attributable to, Defendants Brown and Bystander Sheriff's Deputies.

## COUNT VII
## Plaintiff's Fourteenth Amendment Excessive Force Claims against Defendants
## (As to Defendants Brown and Bystander Detention Officers)

89.   Plaintiff hereby incorporates by reference paragraphs 1 through 88 of this Complaint as if fully set forth herein.

90.  Defendants Brown and Bystander Detention Officers violated Plaintiff's clearly established rights under the Due Process Clause of the Fourteenth Amendment as a pretrial detainee, by physically kicking Plaintiff in the head and firing a shotgun in a small, crowded cell, unlawfully causing injury to Mr. Bufford.

91.  Defendants Bystander Detention Officers were each in a position to stop Defendant Brown's use of excessive force but failed to do so.

92.  Defendants are not entitled to qualified immunity and are liable for their respective failures to intervene in Defendant Brown's Fourteenth Amendment violations and use of excessive force against Plaintiff in violation of clearly established law.

93.  As a direct and proximate result of these Defendants' violations of clearly established law, Plaintiff suffered injuries and damages.

## COUNT VIII
### Punitive Damages against Individual Defendants

94.  Plaintiff hereby incorporates by reference paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95. Defendants' conduct as described herein evidences willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care which is

sufficient to establish that Defendants acted with conscious indifference to the consequences of their actions.

96.  At all material times herein, Defendants acted with malice an/or reckless indifference to Plaintiff's federal rights and/or with a specific intent to cause harm.

97.  Plaintiff is entitled to an award of punitive damages, without limitation or cap, under state and federal law.

## COUNT IX
### Attorney's Fees

98.  Plaintiff hereby incorporate and reallege Paragraphs 1 through 97 of the Complaint as if fully restated herein.

99.  Plaintiff is entitled to an award of attorney's fees under 42 U.S.C. 8 1988 and Georgia law.

## JURY DEMAND

100. Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray:

(a)  Process Issue as provided by law;

20

(b) That Plaintiff recover general, compensatory, and punitive damages based on Defendants' violations of federal and state law;

(c) That Plaintiff recover reasonable attorney's fees and expenses of litigation under 42 U.S.C. § 1988 and state law;

(d) That all issues be tried before a jury; and

(e) For such other and further relief as this Honorable Court deems just and proper.

## <u>CERTIFICATION OF COUNSEL</u>

I hereby certify that the foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL** has been prepared with Times New Roman, 14-point font, one of the fonts and point selections approved by the Court in LR 5.1(C).

Dated: August 2, 2024

Respectfully submitted,

By: */s/ Marsha W. Mignott*
Marsha W. Mignott
Georgia Bar No. 141933
Attorney for Plaintiff

**THE MIGNOTT LAW GROUP, LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax
lawyers@mignottlaw.com

# EXHIBIT A



# THE MIGNOTT LAW GROUP, LLC

4945 PRESIDENTS WAY
TUCKER, GEORGIA 30084
TELEPHONE: 770.621.54999
FAX: 770-621-5496
LAWYERS@MIGNOTTLAW.COM
WWW.MIGNOTTLAW.COM

October 26, 2023

_**Via Certified Mail, Return Receipt Requested**_

Mr. Patrick "Pat" Labat
Fulton County Sheriff's Office
185 Central Ave SW
Atlanta, Georgia 30318

Chairman Robb Pitts
Fulton County Board of Commissioners
141 Pryor Street
10th Floor
Atlanta, Georgia 30303

**ANTE LITEM NOTICE: TREVIS K. BUFFORD CLAIM AGAINST FULTON COUNTY SHERIFF PATRICK "PAT" LABAT, SGT. LOUIS BROWN and SOUTH FULTON MUNICIPAL REGIONAL JAIL A.K.A. "UNION CITY JAIL"**

Dear Sheriff Labat and Charman Pitts:

The undersigned law firm represents Mr. Trevis Bufford. Pursuant to O.C.G.A. § 36-11-1, this correspondence constitutes a formal ante litem notice to Fulton County, Georgia ("Fulton County") and the Fulton County Sheriff's Office ("Sheriff Labat") regarding claims arising from injuries suffered at the hands of the Fulton County Sheriff's Office. Pursuant to O.C.G.A. § 36-11-1 the following information is being submitted.

**Our client:** Trevis K. Bufford
**Responsible Entity:** Fulton County Sheriff's Office and Sgt. Louis Brown, et al.
**Time of Occurrence:** October 5, 2023
**Place of Occurrence:** South Municipal Regional Jail a.k.a. "Union City Jail"
**Nature of Loss:** Aggravated Assault, Aggravated Assault with a Deadly Weapon, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress et al
**Amount of Loss:** $1,000,000.00
**Acts and Omissions which caused the loss:**

The Mignott Law Group
Page **2** of **3**

This ante litem notice to Fulton County and Sheriff Labat is regarding claims arising out of the criminal actions of deputy sheriffs located at the Union City Jail on or about October 5, 2023. The claims against Fulton County, Sheriff Labat and Union City Deputy Sheriffs are based upon the criminal actions of the Union City Jail Deputy Sheriffs taken against Mr. Bufford. On or about September 2023, Mr. Bufford was an inmate housed by the Fulton County Sheriff's Office at the Union City Jail. Mr. Bufford was the victim of inhumane treatment when the Deputy Sheriffs charged with the duties of monitoring inmates shackled Mr. Bufford naked in chains and held him in what appeared to be a small cage for five (5) days without food.

On or about October 5, 2023, Mr. Bufford along with approximately four (4) other inmates were placed in a small cage which is designed to hold approximately one (1) person. The door to the cage was left open by one of the Fulton County Deputy Sheriffs and some of the shackled inmates walked out. Once Sgt. Louis Brown ("Sgt. Brown") realized that some of the inmates had left the tiny cage, he became extremely enraged. Sgt. Brown retrieved a shotgun and returned to the inmates; saw Mr. Bufford shackled on the ground cowering at which time Sgt. Brown at the top of his lungs yelled and kicked Mr. Bufford in the head on more than one occasion causing a cut above Mr. Bufford's right eye and forehead. Furthermore, Sgt. Brown fired the shotgun which could have caused a bullet to ricochet, killing inmates and or other Sheriff's Deputies in proximity. The cell where the shotgun was fired was so small that the loud bang caused Mr. Bufford to suffer hearing loss. When Mr. Bufford asked to be taken to Grady Hospital for his injuries, he was denied medical attention.

During this incident Mr. Bufford and approximately four (4) other inmates were physically assaulted and seriously injured by Sgt. Brown, who to date has suffered no serious consequences and was merely transferred to Fulton County Sheriff duties at the Fulton County Courthouse. As a result of the aggravated assault, aggravated assault with a deadly weapon, intentional infliction of emotional distress, negligent infliction of emotional distress et al, Mr. Bufford sustained traumatic injuries. These injuries include a concussion, injury to his eyes and hearing, as well as pain and suffering, attorney fees, punitive damages, and any other general and special damages both past and future, allowed under Georgia and federal law. Since Mr. Bufford is still an inmate in the custody and control of the Fulton County Sheriff's Office who is still recuperating, we cannot be certain of the total loss at this time, but we expect that it could exceed $1,000,000.00.

Please accept this letter as a formal attempt to resolve what our firm believes to be a 42 U.S.C. § 1983 Claim and a violation of our client's civil rights. We are hopeful that your agency will research the matter and make a reasonable offer of settlement. If this is not

The Mignott Law Group
Page **3** of **3**

resolved within 30 days of receipt, we will be pursuing every legal remedy available at law and seeking attorney fees for the cost of said pursuit.  It is my hope that this can be resolved amicably and without the need for litigation.

Neither this letter nor the facts contained herein are evidence and are made for the purpose of settling a disputed claim.  I look forward to hearing from you.

Sincerely,
**THE MIGNOTT LAW GROUP, LLC**

Marsha W. Mignott, Esq.

MWM/sm

Enclosure(s)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Patrick "Pat" Labat
Fulton County Sheriff's Office
185 Central Ave SW
Atlanta, Georgia 30318

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ Buford Trevis
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Krossett Buford
C. Date of Delivery
4/30/22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail®
☐ Registered
☐ Insured Mail
☐ Priority Mail Express™
☐ Return Receipt for Merchandise
☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
7014 3490 0000 5746 7186

PS Form 3811, July 2013   Domestic Return Receipt